**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**



| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Action No. 13-10-GMS |
| | ) **(Under Seal)** |
| MICHAEL A. ZIMMERMAN, | ) |
| | ) |
| Defendant. | ) |

## SEALED EX PARTE MOTION FOR REVOCATION OF PRETRIAL RELEASE AND FOR ISSUANCE OF AN ARREST WARRANT

Now comes the United States of America, by and through its attorneys, Charles M. Oberly, III, United States Attorney for the District of Delaware, and Lesley F. Wolf and Robert F. Kravetz, Assistant United States Attorneys (the "Government"), and moves to revoke the pretrial release conditions of defendant Michael A. Zimmerman ("Defendant") due to his violation of a court-imposed pretrial Release Order (D.I. 5/6) and Appearance Bond (D.I. 10.) For the reasons set forth below, the government respectfully requests the Court to issue a warrant for Defendant's arrest, and to set a revocation hearing to consider the forfeiture of Defendant's secured bond and the remand of Defendant into custody pending trial.

1.     On January 23, 2013, the grand jury for the District of Delaware returned a nine-count indictment against Defendant, charging him with one count of conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 1349; seven counts of making a false statement to a financial institution, in violation of Title 18, United States Code, Section 1014; and one count of money laundering, in violation of Title 18, United States Code, Section 1957. In summary, the original indictment alleged that Defendant, along with co-conspirators, defrauded Wilmington Trust Company ("WTC" or the "Bank") by submitting fraudulent construction draw requests to WTC in connection with three commercial real estate projects,

1

causing the bank to fund an equity take out in contravention of a loan agreement, and misappropriating a lease payment for personal use in contravention of a loan agreement.[1]

2. On or about January 24, 2013, Defendant was arrested in the Southern District of Florida.[2] Defendant remained in custody overnight pending his initial appearance and a hearing on whether he should be detained pending transfer to the District of Delaware. In lieu of detention, Defendant posted a $100,000.00 bond, which was secured by a cash deposit of $10,000.00 posted by Defendant's wife.

3. On or about January 28, 2013, Defendant made his initial appearance in the District of Delaware. The Court issued an Order Setting Conditions of Release (the "Release Order") (D.I. 6). In addition to requiring Defendant to comply with the District's standard release conditions, the Release Order required Defendant to "surrender the deed of his home to the U.S. Clerk's Office, District of Delaware." (*Id.* at 1.) The Order further required Defendant "to sign an Appearance Bond, if ordered." (*Id.*)

4. The Release Order contained a section entitled "Advice of Penalties and Sanctions," which stated the following regarding a violation of the release conditions:

> A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

(D.I. 6 at 3.) Defendant signed an acknowledgement of the release conditions, which stated the following:

---

[1] The grand jury subsequently returned an eleven-count Superseding Indictment ("Indictment") on April 16, 2013, adding allegations that Defendant also conspired to defraud Bancorp Bank ("Bancorp") by submitting a fraudulent draw request and supporting documentation in connection with another commercial real estate project and subsequently transferred the illegally obtained funds into his personal bank account.

[2] At the time of his arrest, Defendant was on a vacation. Defendant formerly owned properties in Florida and it is believed that he still owns at least one property in the Bahamas.

> I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

(*Id.*)

5. On or about February 6, 2013, Defendant executed an Appearance Bond. (D.I. 10.) In the Appearance Bond, Defendant agreed, among other requirements, "to comply with all conditions set forth in the Order Setting Conditions of Release." (*Id.* (emphasis added).) The Appearance Bond indicated that the "Type of Bond" was a "secured bond," and stated further "the agreement of the defendant and each surety to forfeit the following cash or other property":

> LOT 102 section 2, as recorded in book 27, page 56 in deed between Del-Homes, Inc., party of the first part and Michael A. Zimmerman and Connie Jo Zimmerman, parties of the second part in the office of Recorder of Deeds in Kent County. Mortgage – Bank of America - $475,000 to $490,000. [hereinafter referred to as the "Property"]

(*Id.*) The Lot number for the Property corresponded to Defendant's address on Windswept Lane in Dover, Delaware.

6. The Appearance Bond further contained a provision entitled "Forfeiture of Release of Bond," which stated the following:

> *Forfeiture of the Bond.* This appearance bond may be forfeited if the defendant does not comply with the above agreement. The court may immediately order the amount of the bond surrendered to the United States, including the security for the bond, if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

(*Id.*) In addition, the Appearance Bond contained a provision entitled "Declarations," which stated the following:

### Declarations

> *Ownership of the Property.* I, the defendant – and each surety – declare under penalty of perjury that:

3

> (1) all owners of the property securing this appearance bond are included on the bond;
>
> (2) the property is not subject to claims, except as described above; and
>
> **(3) I will not sell the property, allow further claims to be made against it, or do anything to reduce its value while this appearance bond is in effect.**
>
> *Acceptance.* I, the defendant- and each surety -have read this appearance bond and have either read all the conditions of release set by the court or had them explained to me. I agree to this Appearance Bond.

(*Id.* at 2 (emphasis added).)  Defendant and his wife, a co-owner of the Property, each signed the Declaration under penalty of perjury.  (*Id.*)

7.    On March 5, 2013, Defendant filed a "Motion to Amend Conditions of Bail" ("Motion to Amend") which sought to modify the Release Order to eliminate the requirement that Defendant wear an ankle bracelet in connection with his pretrial supervision ("Motion to Modify") (D.I. 12.)  The Motion to Amend stated that it did "not seek modification of any other conditions of pre-trial supervision or of pre-trial supervision itself or of any condition set in connection with bail."  On or about March 20, 2013, the Court granted the motion, stating that the "condition of bail Defendant wear an ankle bracelet is eliminated.  All such other requirements of bail including Pre-Trial supervision to remain in place."  (D.I. 16.)

8.    Also on or about March 5, 2013, Defendant also filed a "Motion for Exoneration and Return of $10,000 Security" ("Motion for Return of Security"), in which he requested the Court to return the $10,000.00 cash bond that he had posted upon his arrest in the Southern District of Florida.  (D.I. 15.)  The basis for Defendant's request was that Defendant had "posted the deed to his family residence here in Delaware to replace the security $100,000 bond actually posted in Miami."  (*Id.* at 2.)  Defendant referred to the arrangement as a "substitution of security."  (*Id.*) On or about March 20, 2013, the Court granted the Motion for Return of Security.  (D.I. 18.)

4

9.  On or about September 13, 2013, Defendant agreed to a consent order modifying the Release Order to prohibit him from any contact, directly or indirectly, with two government witnesses. The Court signed the modification order on or about September 24, 2013.

10.  Since September 24, 2013, there have been no further modifications to the Release Order. The Release Order and Defendant's Appearance Bond remain in effect, and the Deed to defendant's Property remains surrendered to the custody of the Clerk's Office.

11.  Yesterday, on or about January 27, 2015, a federal agent performed a records search at the Kent County Recorder of Deeds in Dover, Delaware. During that records search, the agent learned that the Property had been conveyed on or about February 18, 2014, from Defendant and his wife to a Delaware Limited Liability Company entitled "Windswept Circle, LLC." (Attachment A at 1.)  The Property referenced in the Deed was the same as set forth in Defendant's Appearance Bond (i.e., Lot 102, section #2, as shown on a plan recorded in plot book #27, page #56).

12.  On or about January 28, 2015, a federal agent received records relating to the formation of "Windswept Circle, LLC" from the Delaware Office of Secretary of State, Division of Corporations. The records indicate that the members of "Windswept Circle, LLC" chose to remain unidentified in the formation documents for the company, and listed as a registered agent an attorney in Dover, Delaware.

5

13.   Given the foregoing, the United States respectfully requests the Court to issue a warrant for the arrest of Defendant Michael A. Zimmerman so that he can be brought before the Court to answer the charge of violating the terms of his Release Order and Appearance Bond.

14.   The United States further respectfully requests that this Motion remain under seal until such time that the arrest warrant is executed.

Respectfully Submitted,

CHARLES M. OBERLY, III
United States Attorney

BY: _____
Lesley F. Wolf
Robert F. Kravetz
Assistant United States Attorneys

Dated:  January 28, 2015

IT IS SO ORDERED this ___ day of January 2015.

_____
Hon. Gregory M. Sleet
United States District Judge

6

# ATTACHMENT A



**Kent County**
**Betty Lou McKenna**
**Recorder of Deeds**
**Dover, DE 19901**

70 2014 00251487

Instrument Number:  2014-251487

Recorded On: February 21, 2014        As-Deed

Parties: ZIMMERMAN MICHAEL A

To     WINDSWEPT CIRCLE LLC                                    # of Pages: 4

Comment:

**\*\*DO NOT REMOVE-THIS PAGE IS PART OF THE RECORDED DOCUMENT\*\***

Deed                          66.00
              # of Pages      3
              # of Parcel IDs  1
Total:                        66.00

**Realty Tax Information**

Affidavit Attached-No
STATE AND COUNTY OF KENT          EXEMPT
                    Value
State of Delaware
County of Kent
                            0.00

*I hereby certify that the within and foregoing was recorded in the Recorder's Office in  Kent County,*

**\*\*DO NOT REMOVE-THIS PAGE IS PART OF THE RECORDED DOCUMENT\*\***

**File Information:**                        **Record and Return To:**

   Document Number: 2014-251487
   Receipt Number: 327928                   YOUNG & MALMBERG
   Recorded Date/Time: February 21, 2014 02:29:03P   30 THE GREEN
   Book-Vol/Pg: BK-RE  VL-7133  PG-337       DOVER DE 19901
   User / Station: C Yerkes - Cashier 3



Accepted for Filing in:
Kent County
Doc# 251487
On: Feb 21,2014 at 02:29P

TAX PARCEL #:
NM-00-086.04-01-12.00-000
PREPARED BY & RETURN TO:
Young & Malmberg, P.A.
30 The Green
Dover, DE 19901

NO NEW TITLE SEARCH OR SURVEY
REQUESTED OR PERFORMED.


      **THIS DEED**, made this 18th day of February, 2014,

- BETWEEN -

      **Michael A. Zimmerman and Connie Jo Zimmerman**, husband and wife, Grantor

- AND -

      **Windswept Circle, LLC**, a Delaware limited liability company, Grantee.


      **WITNESSETH**: That the said Grantor, for and in consideration of the sum of ONE DOLLAR (**$1.00**), lawful money of the United States of America, the receipt whereof is hereby acknowledged, Grantor hereby grant and convey unto the Grantee, and their heirs and assigns, in fee simple, the following described lands, situate, lying and being in Kent County, State of Delaware:

See Attached Exhibit A

BEING the same lands and premises which were conveyed unto Michael A. Zimmerman and Connie Jo Zimmerman, by deed of Del-Homes, Inc. dated June 1, 2000, and recorded in the Office of the Recorder of Deeds in and for Kent County, DELAWARE, in Deed Book 367, Page 034.

TOGETHER with all the rights, title and interest of the Grantor in and all street roads and public places, opened or proposed, adjoining the said Land, and all easements and rights of way, public or private, now or hereafter used in connection with said Land.

      **SUBJECT** to any and all restrictions, reservations, conditions, easements and agreements of record in the Office of the Recorder of Deeds in and for Kent County, Delaware.

**IN WITNESS WHEREOF,** Grantor hereunto set their hands and seals the day and year first above written.

Signed, Sealed and Delivered
in the presence of:

_____                    _____ (SEAL)
                                                    **Michael A. Zimmerman**

_____                    _____ (SEAL)
                                                    **Connie Jo Zimmerman**

STATE OF DELAWARE, COUNTY OF KENT: to-wit

  **BE IT REMEMBERED,** that on February 19, 2014, personally came before me, the subscriber,   Michael A. Zimmerman and Connie Jo Zimmerman, Grantor to this Indenture, known to me personally to be such, and acknowledged this Indenture to be their act and deed.

  GIVEN under my Hand and Seal of Office the day and year aforesaid.

_____
NOTARY PUBLIC
My Commission Expires: 7-11-15

2

ALL THAT certain lot, piece or parcel of land situated in a subdivision known as WINDSWEPT, North Murderkill Hundred, Kent County, Delaware, being all of lot #102, section #2, as shown on a plan recorded in plot book #27, page #56, being more recently shown on a plan of ELLIOTT SURVEYING dated 5/15/2000, said lot lying on the Northerly side of Windswept Circle (50 feet wide), and being bounded as follows; on the North by Isaac Branch, on the East by lot #101, on the South by Windswept Circle, and on the West by lot #103: being more particularly described as follows;

BEGINNING at a point on the Northerly side of Windswept Circle, a corner for this lot and lot #101, said point being located the following two (2) courses and distances from the point of commencement, which said point is the Westerly end of a 30.00 foot radius junction curve joining the Northerly side of Windswept Circle with the Westerly side of Windswept Drive (50 feet wide), said courses are as measured along the Northerly side of Windswept Circle: (1) South 86 degrees 44 minutes 00 seconds West 81.91 feet to a point of curvature, thence; (2) By the arc of a circle curving to the left (R=500.00 feet) a distance of 60.74 feet (delta=6 degrees 57 minutes 35 seconds) to a point, the point of beginning; thence proceeding from the said point of beginning, with the Northerly side of Windswept Circle, the following two (2) courses and distances: (1) By the arc of a circle curving to the left (R=500.00 feet) a distance of 122.53 feet (delta=14 degrees 02 minutes 28 seconds) to a point of reverse curvature, thence; (2) By the arc of a circle curving to the right (R=350.00 feet) a distance of 26.73 feet (delta=4 degrees 22 minutes 23 seconds) to a point, a corner for lot #103, thence with same, North 19 degrees 53 minutes 31 seconds West 159.41 feet to a point in the Southerly limits of the said Branch, thence with the same the following six (6) courses and distances: (1) North 51 degrees 43 minutes 59 seconds East 48.64 feet, thence; (2) North 45 degrees 04 minutes 48 seconds East 61.55 feet, thence; (3) North 37 degrees 29 minutes 39 seconds East 47.02 feet, thence; (4) North 5 degrees 22 minutes 42 seconds East 17.21 feet, thence; (5) North 41 degrees 32 minutes 16 seconds East 27.24 feet, thence; (6) North 39 degrees 23 minutes 53 seconds East 26.08 feet to a point, a corner for lot #101, thence with the same, South 10 degrees 13 minutes 36 seconds East 276.59 feet to a point, the point of beginning.  Containing within said metes and bounds 33,946 square feet of land, more or less.